IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| CHARLES MURPHY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 12-CV-841-MJR |
| vs. | ) | |
| | ) | |
| OFFICER ROBERT SMITH, OFFICER SHAWN | ) | |
| RITCHEY & LIEUTENANT GREGORY FULK | ) | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through his attorney, FABIAN J. ROSATI, ESQ., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit, OFFICER ROBERT SMITH, OFFICER SHAWN RITCHEY & LIEUTENANT GREGORY FULK.

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

3. The DEFENDANT OFFICERS were at all times relevant hereto residents of the State of Illinois and employed by the ILLINOIS DEPARTMENT OF CORRECTIONS.

**FACTS**

4.     On or about July 25, 2011, at the Vandalia Correctional Center in Vandalia, Illinois, all or each of the DEFENDANT OFFICERS committed a battery against the PLAINTIFF. Specifically, while PLAINTIFF was handcuffed and not resisting any jail personnel, DEFENDANT OFFICER SMITH and LIEUTENANT FULK punched PLAINTIFF in his face and head. Thereafter, said DEFENDANTS choked PLAINTIFF and slammed PLAINTIFF'S face into a metal toilet bowl causing serious and permanent injury to PLAINTIFF including a right orbital fracture requiring reconstructive surgery of the right orbital floor at St. John's Hospital in Springfield, Illinois on July 26, 2011.

5.     DEFENDANT OFFICER RITCHEY was present during and throughout the time PLAINTIFF was being beaten by DEFENDANTS SMITH and FULK and failed to take any measures to prevent and/or stop the beating of PLAINTIFF.

6.     Subsequent to PLAINTIFF'S beating, each DEFENDANT failed to ensure PLAINTIFF received prompt and adequate medical attention to his obvious and serious personal injuries.

7.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

8.     On or about July 25, 2011, the DEFENDANT OFFICERS were acting under Color of Law relevant to this Complaint and were duly appointed correctional officers for the STATE OF ILLINOIS. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment as STATE OF ILLINOIS correctional officers. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

9.     Upon information and belief, on July 25, 2011, DEFENDANT OFFICERS came into physical contact with PLAINTIFF.

## CONSPIRACY

10.    Some or all of the DEFENANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

      a.   using excessive force and unnecessary force and/or failing to intervene in the use of excessive force against the Plaintiff;

      b.   agreeing not to report each other after witnessing and/or using excessive and/or unnecessary force relative to the PLAINTIFF;

      c.   generating false documentation to cover-up for their own and each other's misconduct;

## COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution

11.    PLAINTIFF re-alleges paragraphs 1-10 as though fully set forth herein.

12.    The actions and/or failures to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto the PLAINTIFF.

13.    This conduct violated the Eighth Amendment of the United States Constitution.

14.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

    WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### Deliberate Indifference to Serious Medical Needs
### Pursuant to 42 U.S.C. § 1983

15. PLAINTIFF re-alleges paragraphs 1-10 as though fully set forth herein.

16. Plaintiff had a serious medical need.

17. The actions of all DEFENDANTS exhibited a deliberate indifference to PLAINTIFF'S serious medical needs, were performed under color of state law, and violated PLAINTIFF'S rights under the Fourteenth Amendment to the United States Constitution.

18. DEFENDANTS were aware of a substantial risk of harm to PLAINTIFF'S health and DEFENDANTS disregarded this risk through their actions as described herein and failing to provide PLAINTIFF with timely medical attention after beating him.

19. As a direct and proximate result of DEFENDANTS' failure to advise medical personnel that PLAINTIFF was in immediate need of medical attention, PLAINTIFF suffered further injury and unnecessary and wanton infliction of pain and mental anguish.

20. The conduct of DEFENDANTS was willful and exhibited a flagrant disregard for PLAINTIFF'S federally secured rights. Accordingly, these DEFENDANTS are liable to PLAINTIFF under 42 U.S.C. § 1983.

## COUNT III
### Intentional Infliction of Emotional Distress

21. PLAINTIFF re-alleges paragraphs 1-10 as though fully set forth herein.

22. DEFENDANTS' conduct was extreme and outrageous, including without limitation beating PLAINTIFF after he was handcuffed and agreeing to conspire to continue to violate his constitutional and statutory rights, privileges, and immunities as described herein causing PLAINTIFF

4

to endure extreme pain and mental anguish.

23.     DEFENDANTS either intended to inflict emotional distress upon PLAINTIFF when engaging in their conduct, or knew that there was a high probability that such conduct would result in such distress.

24.     DEFENDANTS conduct caused PLAINTIFF to suffer severe emotional distress that no reasonable person could be expected to endure.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT IV
## Battery – State Law Claim

25.     PLAINTIFF re-alleges paragraphs 1 ó 10 as though fully set forth herein.

26.     The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

27.     The PLAINTIFF suffered injury as a result.

28.     The conduct of DEFENDANT OFFICERS was in violation of Law.

29.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations and injuries set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT V
## § 1983 Conspiracy Claim

5

30. PLAINTIFF re-alleges paragraphs 1 – 10 as though fully set forth herein.

31. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Eighth Amendment and the Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VI
### Conspiracy Claim – State Law

32. PLAINTIFF re-alleges paragraphs 1 – 10 as though fully set forth herein.

33. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

### JURY DEMAND

34. PLAINTIFF demands trial by jury.

                Respectfully submitted,

                s/Fabian J. Rosati
                Attorney for the Plaintiff

LAW OFFICE OF FABIAN J. ROSATI
333 E. Ontario, 1312
Chicago, IL 60611
(312) 285-2005
(312) 268-7040 - Fax