IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12−cv−841−MJR−SCW |
| | ) |
| ROBERT SMITH, SHAWN RITCHEY, | ) |
| GREGORY FULK, and RUSSELL | ) |
| STEWART | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

# REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This § 1983 case, in which Plaintiff Charles Murphy has alleged excessive force, is before the Court on the Defendants' Motion for Summary Judgment (Doc. 38).  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on whether Plaintiff exhausted his administrative remedies before filing suit.  For the following reasons, it is **RECOMMENDED** that the Defendants' motion (Doc. 38) be **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2012, Charles Murphy brought the instant suit pursuant to 42 U.S.C. § 1983.  Plaintiff alleged excessive force based on a July 25, 2011 incident in which officers at Vandalia Correctional Center handcuffed and then beat him, causing damage to his right eye.

Defendants Smith, Ritchey and Fulk filed the instant motion on January 8, 2013 seeking summary judgment for failure to exhaust administrative remedies.  (Doc. 38).  Defendants

argue that Plaintiff did not complete the grievance process within the allotted period of time. Plaintiff filed a Response in Opposition to Defendant's Motion arguing that the grievance process was unavailable to him because he was under the impression that he had properly started the grievance process within the allotted time, but then the time period had expired before he discovered that no grievance was on file for him. (Doc. 51). Defendants filed a Reply on February 27, 2013. (Doc. 54)

The Court held a hearing on this matter on June 14, 2013. During the hearing, counsel for Plaintiff objected to the consideration of the documents accompanying Gina Allen's affidavit (Exhibit 2A and 2B) based on lack of foundation. Defendants objected to Plaintiff's Exhibits A, D, E, F, and G on lack of relevance. Having thoroughly reviewed the entire record, the undersigned **RECOMMENDS** as follows.

### MURPHY'S GRIEVANCE

Plaintiff alleges that he submitted a grievance regarding the guards' use of excessive force on July 28, 2011 at Vandalia Correctional Center, three days after the alleged incident and two days after receiving surgery on his right orbital floor. (Doc. 51-3). On July 29, 2011, IDOC transferred Plaintiff to Logan Correctional Center's health care unit. (Doc. 51-3). On August 3, 2011, his July 28, 2011 grievance was returned to him because he had forgotten to sign it. (Doc. 51-3). Nurse Michelle Millard pointed out the deficiency, witnessed Plaintiff's signature, and asked him if he would like her to file the completed grievance. (Doc. 51-3). Plaintiff asked her to file the now completed grievance, and Millard stated that she would. (Doc. 51-3). By October 3, 2011, Plaintiff had not received any response to his grievance. (Doc. 51-3). Plaintiff then filed a grievance with the ARB regarding the same incident and referencing the July 28, 2011 grievance. (Doc. 51-3; Doc. 39-1, p. 7). The grievance was returned to him as untimely. (Doc. 51-3; Doc. 39-1, p. 7).

### THE OBJECTIONS TO EXHIBITS

2

Plaintiff objected to Exhibits 2A and 2B.  Exhibit 2A is a copy of Plaintiff's IGRV Inmate History, which shows no grievances filed in July 2011.  Defendants' Exhibit 2B and Plaintiff's Exhibit 2 are identical except for an additional page in Defendants' Exhibit 2B that contains the ARB's response.  The undersigned understands Plaintiff only to be objecting to the inclusion of the ARB's response to the October 3, 2011 grievance, and not the grievance itself, which was submitted by both parties.

Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted.  **FED. R. EVID. 801**.  There are a number of exceptions to the hearsay rule.  In this case, Defendants have argued that the records contained in Exhibits 2A and 2B fall under one of the exceptions to the hearsay rule because they are business records of a regularly conducted activity under Rule 803(6).  The undersigned found at the hearing that the documents were properly certified as domestic records of a regularly conducted activity under Federal Rules of Evidence 903(11), which permits authentication where a certification has been made by the custodian or another qualified person and the adverse party has had reasonable notice.  **FED. R. EVID. 903(11)**.  The affidavit attests that Ms. Allen is the chairperson of the ARB, and as part of her duties, maintains a thorough knowledge of their record keeping procedures.  (Doc. 39-1, p. 3).  The undersigned also found that submitting the affidavit as an exhibit to a written motion prior to a hearing on that motion satisfies the requirement of giving the adverse party reasonable written notice of the intent to offer the record under 903(1).

The remaining question, therefore, is whether Exhibits 2A and 2B meet the requirements of Federal Rule of Evidence 803(6), which states that a record will fall under a hearsay exception when "the record was made at or near the time by—or from information transmitted by—someone with knowledge; the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and] making the record

was a regular practice of that activity." **Fed. R. Evid. 803(6)**.  The affidavit submitted in support of the documents establishes that it is the ARB's business to review grievances submitted by inmates and to submit reports and recommendations based on those grievances.  (Doc. 39-1, p. 4).  It also establishes that the ARB tracks grievances and correspondence received from inmates, as part of their process in reviewing grievances.   (Doc. 39-1, p. 4).  Therefore, it is clear that the ARB's response to the grievance, as well as the data in the IGRV record falls under the business record exception because the affidavit establishes that it the business of the ARB to review grievances, that the relevant records came from information transmitted and maintained by the ARB as part of its work evaluating grievances, and that keeping records is a regular practice of that organization. Therefore, the undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's objections to exhibits 2A and 2B.

As to Defendants' objections based on relevance to Plaintiff's Exhibits A, D, E, F, and G, the undersigned agrees with Defendants that these are irrelevant.  Exhibit A is a copy of the Amended Complaint, which is already part of the record and therefore need not be included here. Exhibits D-G address the underlying precipitating incident, not Plaintiff's attempt to grieve it. Additionally, at the hearing, the parties conceded that they had no factual disputes on the issue of exhaustion. (Doc. 68, p. 18).  Therefore, these exhibits can have no relevance to the current Motion. The undersigned **RECOMMENDS** that the Court **GRANT** Defendants' objections to exhibits A, D-G.

LEGAL STANDARDS

1. *Summary Judgment Standard*

Summary judgment—which is governed by FEDERAL RULE OF PROCEDURE 56— is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  ***Dynegy Mktg. &***

4

*Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (citing FED. R. CIV. P. 56(a)).[1]  The

party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings,

affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

              After a properly supported motion for summary judgment is made, the adverse party

"must set forth specific facts showing that there is a genuine issue for trial."  **Anderson v. Liberty**

**Lobby, Inc.**, **477 U.S. 242, 250 (1986).  See also Serednyj v. Beverly Healthcare, LLC, 656**

**F.3d 540, 547 (7th Cir. 2011) ("When a summary judgment motion is submitted and**

**supported by evidence . . . the nonmoving party may not rest on mere allegations or denials**

**in its pleadings.")**.  A genuine issue of material fact exists if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party.  **Anderson, 477 U.S. at 248.**  A mere scintilla of

evidence supporting the non-movant's position is insufficient; a party will successfully oppose

summary judgment only when it presents definite, competent evidence to rebut the motion.

**Albiero v. City of Kankakee, 246 F.3d 927, 931–32 (7th Cir. 2001).  See also Steen v. Myers,**

**486 F.3d 1017, 1022 (7th Cir. 2007) ("[S]ummary judgment is . . . the put up or shut up**

**moment in a lawsuit, when a party must show what evidence it has that would convince a**

**trier of fact to accept its version of the events.") (internal quotation marks omitted).**  In other

words, there is "no genuine issue of material fact when no reasonable jury could find in favor of the

nonmoving party."  **Van Antwerp v. City of Peoria, 627 F.3d 295, 297 (7th Cir. 2010).  Accord**

**Anderson, 477 U.S. at 248 (material fact is genuine if the evidence is such that a reasonable**

**jury could return a verdict for the nonmoving party).**

              Finally, the Court's role on summary judgment is not to evaluate the weight of the

evidence, to judge witness credibility, or to determine the truth of the matter, but rather to

---

[1] Though Rule 56 was amended in 2010, the amendment did not change the summary judgment standard.  **Sow v.**
**Fortville Police Dept., 636 F.3d 293, 300 (7th Cir. 2011)**.

determine whether a genuine issue of triable fact exists. ***Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.,* 528 F.3d 508, 512 (7th Cir. 2008).** The Court considers the facts in a light most favorable to the non-movant. ***Srail v. Vill. of Lisle,* 588 F.3d 940, 948 (7th Cir. 2009).**

### 2. *PLRA's Exhaustion Requirement*

Lawsuits filed by prisoners are governed by 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA"). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. **42 U.S.C. § 1997e(a).** Failure to satisfy the PLRA's exhaustion requirement is an affirmative defense. ***Pavey v. Conley,* 544 F.3d 739, 740 (7th Cir. 2008).**

Where the defense has been raised, the Seventh Circuit has set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all the necessary findings of fact without being bound by (or even informed of) any of the findings made by the district court in determining that the prisoner had exhausted his administrative remedies.

***Id.* at 742.**

Though the Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, ***Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006)**, the PLRA's plain language is

clear that an inmate must exhaust only those administrative remedies that are available to him, **42 U.S.C. § 1997e(a)**.   Administrative remedies become "unavailable" when prison officials fail to respond to a properly-filed inmate grievance, ***Lewis v. Washington***, **300 F.3d 829, 833 (7th Cir. 2002)**, or when prison employees otherwise use affirmative misconduct to prevent a prisoner from exhausting, ***Dole***, **438 F.3d at 809**.  ***See also Ducey v. Flagg***, **No. 08-cv-0691-MJR, 2009 WL 3065045, at \*4 (S.D. Ill. Sept. 21, 2009) ("[P]rison officials can easily thwart an inmate's attempt to exhaust administrative remedies simply by failing to respond to his or her grievances.")**.   Defendants bear the burden of proving the exhaustion requirement, which is an affirmative defense.  ***Pavey v. Conley*** (***Pavey II***)**, 663 F.3d 899, 903 (7th Cir. 2011)**.

The contours of the exhaustion requirement are set by each state's prison grievance system, so the Court looks to Illinois law for the procedures relevant to the instant motion.  ***See Jones v. Bock***, **549 U.S. 199, 218 (2007)**.

### 3.   *Exhaustion Requirement under Illinois Law*

As an inmate confined within the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Department of Corrections' Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Admin. Code § 504.800 et seq.**   The grievance procedures first require inmates to speak with their Counselor about their complaint. **20 Ill. Admin. Code § 504.810(a)**.   If the Counselor does not resolve the issue, the inmate must file a grievance form (directed to the Grievance Officer) within 60 days of the incident. ***Id***.  If the 60-day deadline has passed, the inmate is still invited to grieve: "[I]f an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered." **20 Ill. Admin. Code § 504.810(a)**.   Additionally, inmates may request staff assistance in filing their grievances. **20 Ill. Admin Code § 504.810(c)**.

Alternatively, a prisoner "may request a grievance by handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer." **20 Ill. Adm. Code § 504.840**. The CAO must make a determination whether the grievance shall be handled on an emergency basis. **20 Ill. Adm. Code § 504.840**. If so, the CAO "shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." **20 Ill. Adm. Code § 504.840**. Direct review is by the Administrative Review Board itself is also available and required in certain circumstances, including when raising "issues that pertain to a facility other than the facility where the offender is currently assigned." **20 Ill. Adm. Code § 504.870 (a)(4)**.

## CONCLUSIONS OF LAW

The Motion for Summary Judgment raises the issue of whether the grievance process was available to Plaintiff after the July 25, 2011 incident. The parties have not raised any factual issues, and therefore the undersigned will only address the legal issues raised by Defendants' Motion.

Defendants argue that Plaintiff should not have told Nurse Millard to file his grievance at Logan when she brought it to him and indicated that Vandalia had rejected it for lack of a signature. Instead, Plaintiff should have taken that grievance from the nurse and mailed it directly to the ARB, as he was now housed at Logan and wished to grieve events that happened at another institution. It is not clear how Plaintiff was to draw that conclusion. Staff plays a role in assisting inmates in filing grievances when they are otherwise unable to file themselves. Plaintiff was housed in the infirmary and recovering from surgery at the time he spoke to Millard. He was entitled to rely on Millard's general statement that she would file the grievance. Plaintiff had properly begun the grievance process at Vandalia, and no one at Logan told him that he would have to restart the entire process from scratch after his transfer. Plaintiff never received a response from a grievance officer at Logan that his attempt to file through Nurse Millard was improper, which may have allowed Plaintiff to timely file with the ARB. Therefore, because the proper method of grieving was unclear

8

to Plaintiff at the time he attempted to file his grievance, and because Plaintiff took reasonable steps to file his grievance, the undersigned finds that the grievance process was unavailable to Plaintiff. The undersigned **RECOMMENDS** therefore, that the Court find that Plaintiff has exhausted his administrative remedies and **DENY** Defendants' Motion for Summary Judgment.

CONCLUSION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 38) be **DENIED**.  If this Report is adopted, then all of Plaintiff's claims will remain in the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). <u>Objections to this Report and Recommendation must be filed on or before August 19, 2013</u>.  *See* FED. R. CIV. P. 6(d); SDIL-LR 5.1(c).

**IT IS SO RECOMMENDED.**
**DATE:  July 31, 2013**

/s/ *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge