IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES MURPHY, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 12-CV-841 –MJR- SCW ) |
| ROBERT SMITH, SHAWN RITCHEY, GREGORY FULK, and RUSSELL STEWART, | ) ) ) ) ) |
| Defendants. | ) ) ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 69), recommending that the motion for summary judgment (Doc. 38) for failure to exhaust administrative remedies filed by Defendants Smith, Ritchey and Fulk be denied. The Report and Recommendation was entered on July 31, 2013. Defendants filed an objection on August 19, 2013 (Doc. 70).

Plaintiff Charles Murphy filed this § 1983 suit against four defendants, Smith, Ritchey, Fulk and Stewart, alleging he was subjected to excessive force by these officers based on a July 25, 2011 incident in which the officers at Vandalia Correctional Center allegedly handcuffed and beat him, causing damage to his right eye.

Defendants Smith, Ritchey and Fulk filed a motion for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit (Doc. 38). Specifically, they assert that Plaintiff did not complete the grievance process within the allotted period of time. Plaintiff filed a response to this motion, arguing that the grievance process was unavailable to him (Doc. 51).

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Williams held an evidentiary hearing on Defendants' motion on June 14, 2013. Following the *Pavey* hearing, Magistrate Judge Williams issued the Report and Recommendation currently before the Court (Doc. 69). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**. However,

where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140 (1985)**.

At the *Pavey* hearing, Plaintiff objected to Defense Exhibits 2A and 2B on the basis of hearsay and Defendants objected to Plaintiff's exhibits A, D, E, F, and G on the basis of relevancy. Judge Williams recommends overruling Plaintiff's objections to exhibits 2A and 2B, as these exhibits fall within the business record exception of the hearsay rule. Judge Williams also recommends granting Defendants' objections to exhibits A, D-G, as they are not relevant to the issue of exhaustion. These recommendations have not been objected to. While a *de novo* review is not required here, the Court has considered the objections and fully agrees with the findings, analysis of Judge Williams. The undersigned District Judge **OVERRULES** Plaintiff's objection to exhibits 2A and 2B and **GRANTS** Defendants' objection to exhibits A, D-G.

Defendants have objected to Judge Williams' recommendation that the motion for summary judgment be denied. In the objection, Defendants argue that excusing the exhaustion requirement here is not warranted because: "(a) no one prevented Plaintiff from properly exhausting his administrative remedies and (b) Plaintiff failed to properly file his grievance with the ARB after he was transferred to Logan." (Doc. 70, p. 4). At the hearing, the parties conceded that they had no factual disputes on the issue of exhaustion (Doc. 69, p. 18). The main issue here is whether the grievance process is considered to have been unavailable to Plaintiff following the July 25, 2011 incident.

The plain language of the Prison Litigation Reform Act makes clear that an inmate must exhaust only those administrative remedies that are available to him. **42 U.S.C. § 1997e(a)**. Administrative remedies become "unavailable" when prison officials fail to respond to a properly-filed inmate grievance, *Lewis v. Washington*, **300 F.3d 829, 833 (7th Cir. 2002)**, or when prison employees otherwise use affirmative misconduct to prevent a prisoner from exhausting, *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006);** *Ducey v. Flagg*, **No. 08-cv-0691-MJR, 2009 WL 3065045, at \*4 (S.D. Ill. Sept. 21, 2009) ("[P]rison officials can easily thwart an inmate's attempt to exhaust administrative remedies simply by failing to respond to his or her grievances.")**. An inmate cannot rely on an argument that an administrative remedy is "unavailable" when the reason why he failed to exhaust is his own fault. *Schaefer v. Bezy*, **336 Fed.Appx. 558, 560 (7th Cir. 2009);** *see also Pavey*, **544 F.3d at 742**.

Viewing all facts and reasonable inferences in favor of Plaintiff, the Court finds that the facts suggest that Plaintiff's administrative remedies were unavailable to him. Specifically, Plaintiff alleges that he submitted a grievance on July 29, 2011, three days after the alleged incident and two days after receiving surgery on his right eye (Doc. 51-3). On July 29, 2011, IDOC transferred Plaintiff to Logan Correctional Center's health care unit (Doc. 51-3). Plaintiff's grievance was then returned to him on August 3, 2011, because he had forgotten to sign it (Doc. 51-3). Plaintiff was advised of this by Nurse Michelle Millard, who watched Plaintiff sign the grievance and then asked him if he wanted it to be filed (Doc. 51-3). Plaintiff replied that he would like the grievance

filed and Nurse Millard took the form from him and stated that she would do so (Doc. 51-3).

The Court finds that this evidence suggests that Plaintiff was prevented from filing administrative remedies with respect to his excessive force claim. It is obvious to the Court that Plaintiff took reasonable steps to avail himself of the administrative remedies available to him while he was in the health care unit. Given the fact that he was recovering from surgery, as well as the fact that Nurse Millard asked him if he wanted the document filed, it was reasonable for Plaintiff to rely on Nurse Millard's statement that she would do so. The undersigned District Judge agrees with Judge Williams' analysis that staff plays a role in assisting inmates in filing grievances when they are otherwise unable to file themselves. Further, there is nothing to suggest that Plaintiff's account of what happened with Nurse Millard is not credible. Thus, the Court finds that Defendants have failed to show that they are entitled to judgment as a matter of law.

For these reasons, the Court **ADOPTS** Magistrate Judge William's Report and Recommendation (Doc. 69). Defendants' motion for summary judgment based on failure to exhaust administrative remedies (Doc. 38) is **DENIED**, and Plaintiff's case will proceed on the merits. As previously stated, the undersigned District Judge also **OVERRULES** Plaintiff's objections to exhibits 2A and 2B and **GRANTS** Defendants' objections to exhibits A, D-G.

IT IS SO ORDERED.

DATED:   September 20, 2013

                                                                               s/Michael J. Reagan
                                                                               MICHAEL J. REAGAN
                                                                               United States District Judge