**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHARLES MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12−cv−0841−MJR−SCW |
| | ) | |
| ROBERT SMITH, | ) | |
| SHAWN RITCHIE | ) | |
| RUSSELL STEWART and | ) | |
| GREGORY FULK | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### A.   Introduction

This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. 86).  Plaintiff, who at all relevant times was a prisoner at the Vandalia Correctional Center, filed this suit for monetary damages on July 25, 2012, alleging that his constitutional rights were violated when Defendants Smith (a correctional officer) and Defendant Fulk (a lieutenant) beat him while Defendant Ritchie (a correctional officer) watched and failed to intervene (Doc. 2).   Plaintiff also alleges that all Defendants, including Stewart (a correctional officer), who was not present for the alleged beating, conspired to cover up the event (Doc. 2).

Defendants filed the present Motion on June 11, 2014 (Doc. 86).  On July 14, 2014, Plaintiff filed a Response to the Motion for Summary Judgment (Doc. 90).  Defendants did not file a reply, making this Motion ripe for disposition.  For the following reasons,

the Court **GRANTS in part and DENIES in part** the Motion for Summary Judgment (Doc. 86).

### B.     Procedural and Factual Background

Plaintiff brought this case alleging six counts arising out of events that took place on July 25, 2011 (Doc. 2).  For purposes of the present Motion, only Count V, claiming conspiracy under § 1983 and Count VI, for conspiracy pursuant to Illinois state law are at issue.  Claims I-IV remain uncontested.  As to both conspiracy claims, Plaintiff alleges that some or all of the defendant officers conspired to cause damage to Plaintiff 1) by using excessive and unnecessary force and/or failing to intervene in the use of excessive force against the Plaintiff; 2) agreeing not to report each other after witnessing and/or using excessive and unnecessary force and 3) generating false documentation to cover-up for their own and each other's misconduct (*Id.* at 3).

Defendant Smith's report states that Plaintiff was taken to segregation after he began yelling at other inmates because his seat was wet while at lunch on July 25, 2011 (Doc. 90-2 at 2).   According to incident reports prepared by Defendants, Plaintiff became insolent and aggressive while being escorted to segregation (*Id.*).  Smith's report also reflects that both Smith and Stewart escorted Plaintiff to segregation, during which Plaintiff made verbal threats and attempted to reverse head-butt Smith (*Id.*).  Smith reported that he restrained Plaintiff by his upper body, but that Plaintiff continued to resist (*Id.*).  When released into the cell, Plaintiff lost his balance and took Smith with him down to the floor (*Id.*).  Smith reported no injuries.  The incident report prepared by Stewart states that he assisted Smith in escorting the Plaintiff and that he witnessed

Plaintiff attempt to reverse head-butt and spin away from Smith (*Id.*at 1). Stewart further stated that he witnessed Smith release Plaintiff into a segregation cell and returned to his duties (*Id.*). Fulk's report also recounts that Plaintiff was physically and verbally resisting Smith when he was released into the cell (*Id.*at 3). At that time, the report states that both the inmate and Smith went to the floor (*Id.*). The report states that no injuries were reported (*Id.*). No other reports were submitted

Plaintiff's interrogatory responses have a different version of events. Plaintiff states that he was handcuffed and not resisting during the relevant time period (Doc. 90-1 at 1-2). Smith shoved his finger into Plaintiff's ear while Richie watched (*Id.*at 2). Smith then punched Plaintiff in his right eye and applied a choke hold (*Id.*). Fulk applied additional pressure to Smith's arm to intensify the choke hold (*Id.*). Plaintiff was then dragged to a different cell and thrown into a metal toilet bowl while still handcuffed (*Id.*). Fulk then put his knee into Plaintiff's back so that his clothes could be removed (*Id.*). Defendants left Plaintiff naked and bleeding in the cell (*Id.*). Smith used a racial slur as he walked away (*Id.*).

Plaintiff was eventually taken to St. Joseph's Hospital in Springfield, IL (Doc. 90-1 at 3). He was diagnosed with a right orbital facture which required reconstructive surgery, and suffered a concussion (*Id.*). He currently reports experiencing ear and neck pain, constant headaches, and double vision (*Id.*). Plaintiff submitted pictures from the incident showing injuries to his face (Doc. 90-3).

Defendant Smith's interrogatories specifically inquired into Plaintiff's basis for alleging conspiracy. Plaintiff averred that "Defendant Smith conspired with the other

defendants on the day of the beating and subsequent thereto in that they agreed not to report Smith or Fulk's beating of the Plaintiff and failing to report that Plaintiff sustained injuries." (Doc. 90-1 at 5). Plaintiff made a substantially similar statement regarding Defendants Fulk and Ritchie in response to the same question in their respective interrogatories (*Id.* at 12, 17). Plaintiff also affirmatively stated that all Defendants failed to notify anyone that he needed immediate medical attention or report his injuries in the incident reports (*Id.* at 5). As evidence of the conspiracy, Plaintiff pointed to the incident reports and the lack of any report from the Defendants that Plaintiff needed medical attention (*Id.*). Plaintiff's responses to Stewart's Interrogatories indicate that his role in the conspiracy was to generate reports falsely stating that he was present while Smith escorted Plaintiff to segregation and that Plaintiff suffered no injuries (*Id.* at 21).

Plaintiff's interrogatories also state that another prison official took a statement from him on the day of the incident, and he met with both wardens of Vandalia (Doc. 90-1, at 6). He also spoke with an Internal Affairs investigator Stanley at Logan in August 2011 (*Id.*). He spoke with a Mr. Allen from Springfield at an unspecified time (*Id.*).

### C. <u>Legal Standards</u>

#### 1. **Summary Judgment**

Summary Judgment is appropriate if the evidence, considered in totality, demonstrates that there is no genuine issues of material fact and the movant is entitled to judgment as a matter of law. ***Dynegy Mktg. & Trade v. Multi corp.*, 648 F.3d 506, 517**

**(7th Cir. 2011) (citing Fed. R. Civ. P. 56(a)).** Initially, the movant has the burden to demonstrate to the court that there is a lack of genuine issue as to the material facts based on the admissible evidence on the record. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986).**

Once a motion for summary judgment has been made, the nonmoving party must then demonstrate that genuine issues of material fact do exist. **Fed. R. Civ. P. 56(e).** If the evidence presented would allow a reasonable jury to find for the nonmoving party, then a genuine issue of fact exists. *Anderson v. Liberty Lobby*, **477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(c).** When a court hears a motion for summary judgment, it will review the evidence in a light most favorable to the non-moving party. That being said, summary judgment is not appropriate when evidence in the record indicates that "alternative inferences can be drawn." *Anderer v. Jones*, **385 F.3d 1043, 1064 (7th Cir. 2004).**

## 2. Conspiracy

### a. Section 1983 Claims

To prove a § 1983 conspiracy claim, the plaintiff must prove that:

1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and
2) those individual(s) were willful participant(s) in the in joint activity with the State or its agents.

*Cooney v. Casady*, **735 F.3d 514, 518 (7th Cir. 2013) (citing *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012))** [1]. Typically, the evidence must reflect a "concerted effort" between

---

[1] All the Defendants in this case are state actors. It is likely that this claim is superfluous and unnecessary. **See *Turley v. Rednour*, 729 F.3d 645, 649 n. 2 (citing *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) (finding that the**

the parties.  ***Whitlock v. Brueggemann*, 682 F.3d 567, 577 (7th Cir. 2012)**.  It is not enough for the conspirators to share the same objective; a conspiracy requires that there be an agreement, express or implied, to reach a desired result.  ***Cooney*, 735 F.3d at 519 (quoting *Hampton v. Hanrahan,* 600 F.2d 600, 621 (7th Cir. 1979))**.

Conspiracies can involve cover-ups and falsification subsequent to injury.  However, where there is a cover-up, the underlying constitutional violation is one for denial of access to the courts.  ***Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995)**. Excessive force standing alone does not create a separate unconstitutional conspiracy claim unless the conspiracy to cover-up the excessive force interferes with a plaintiff's access to the courts.  ***Kies v. City of Aurora*, 149 F.Supp.2d 421, 425 (N.D. Ill. 2001)**. Additionally, the cover-up must be successful.  ***Vasquez*, 60 F.3d at 329 (finding a conspiracy to deny access to the courts where the cover-up "prevented a full and open disclosure of facts crucial to the cause of action, rendering hollow the plaintiffs' right of access")**.  "Not every act of deception in connection with a judicial proceeding gives rise to an action" ***Bell v. City of Milwaukee*, 746 F.2d 1205, 1265 (7th Cir. 1984)**. Without evidence that the cover-up thwarted a plaintiff's attempts to bring suit or somehow reduced the value of the suit, there is no § 1983 conspiracy claim because there is no injury.  ***Johnson v. Chicago Police Officer*, No. 99 C 7396, 2000 WL 310320 at *2 (N.D. Ill. Mar. 24, 2000)**.

---

function of a § 1985 conspiracy claim is to **"permit recovery from a private actor who has conspired with state actors" and without private actors, the conspiracy claim adds only "needless complexity."))**.  However, Defendants have not raised this issue.

b. Illinois Law

Under Illinois law, a civil conspiracy requires an agreement between two or more persons to accomplish either an unlawful objective or a lawful objective through unlawful means. *Independent Trust Corp.  v. Stewart Information Services Corp.*, **665 F.3d 930, 938-39 (7th Cir. 2012) (citing** *McClure v. Owens Corning Fiberglass Corp.*, **720 N.E.2d 242, 258 (Ill. 1999))**.  Plaintiff must show an agreement and that the parties committed a tortious act in furtherance of the agreement. ***Id.***  Like a conspiracy under § 1983, agreement is an essential element under Illinois law. ***Id.* (citing** *Adcock v. Brakegate, Ltd.*, **645 N.E.2d 888 (Ill. 1994))**.

D.  <u>Application</u>

1.  Conspiracy Pursuant to § 1983

Plaintiff's Complaint alleges that the Defendant conspired against Plaintiff by 1) using excessive force or failing to intervene when excessive force was used against him; 2) agreeing not to report the incident; and 3) generating false documentation in order to cover-up the incident (Doc. 2).  Plaintiff's conspiracy claims clearly rest on the false reports showing 'no injuries.'  As to the use of excessive force/failure to intervene claims there is no evidence of conspiracy.  Plaintiff has not submitted any evidence of agreement to commit excessive force or to fail to intervene to stop others from using excessive force.  All parties agree that Plaintiff was not escorted to segregation until after an incident at lunch time.  It does not appear that Defendants could have even been aware that Plaintiff would need to be placed in the segregation unit prior to the events at lunch.  Plaintiff attempts to point to the reports to show agreement, but the

reports cannot be used to show that the Defendants agreed to use excessive force, because they were generated after the excessive force incident. Absent any evidence of agreement or a common shared objective, Plaintiff has not met his burden of proof on his claims that Defendants conspired under § 1983 to use excessive force or to fail to intervene in the use of force.

Plaintiff responded to Defendants' argument by stating that conspiracy claims can involve cover-up and falsification of reports subsequent to injury. As noted above, this can still involve a claim, but only where the underlying constitutional violation is one for denial of access to the courts. Here, Plaintiff has never alleged that the cover-up interfered with his access to the courts. In fact, Plaintiff brought this claim on July 25, 2012, exactly one year after the events at issue here. This is well within the statute of limitations. In fact, despite Plaintiff's attestations that the reports of the officers have been falsified, Plaintiff concedes that he was interviewed by other prison administrators and staff about the incident in July and August 2011, immediately after the event.. Likewise, he may not have received medical attention immediately, but he was taken to the hospital at some point on July 26, 2011, the day after the incident. On these facts, no reasonable jury would find the cover-up "successful," as it appears that the events at issue came to the attention of medical and administrative staff within twenty-four hours. Plaintiff has never alleged that the value of his suit has been diminished by the cover-up. On these facts, Defendants are entitled to judgment in their favor because there is no evidence that the cover-up interfered with Plaintiff's right of access to the courts.

The outcome is slightly different under state law. The Court does not believe that Plaintiff has submitted any evidence that the Defendants agreed to conspire to use excessive force on Plaintiff or to fail to intervene in the use of excessive force. Therefore, to the extent that the state law conspiracy claims are predicated on the excessive force incident itself, summary judgment is granted in Defendants' favor. However, falsifying the reports <u>could</u> be a tortious act under the Illinois conspiracy law, though it is not clear what underlying tort has been committed by the false reports or what damages flowed from it. In the absence of briefing addressing these points, or an evidentiary record that clarifies the claim, the Court declines to grant summary judgment on the Illinois state conspiracy claims at this time.

**E.**     <u>**Conclusion**</u>

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED in part and DENIED in part** (Doc. 86). Plaintiff's claims for § 1983 conspiracy (Count V) is **DISMISSED with prejudice**. Plaintiff's claims for conspiracy under Illinois state law are **DISMISSED** to the extent that they are based on an agreement to use excessive force or refuse to intervene. Plaintiff's claims for state law conspiracy which may be based on the alleged cover-up remain pending.

**IT IS SO ORDERED**

**Date: <u>October 9, 2014</u>**

*<u>/s Michael J. Reagan</u>*
**Michael J. Reagan**
United States District Judge
